UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICIA FREEMAN,<br><br>        Plaintiff,<br><br>  v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a/ AMTRAK,<br><br>        Defendant. | CASE NO. C18-5584 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF, REQUESTING A JOINT STATUS REPORT, AND RENOTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Defendant National Railroad Passenger Corporation d/b/a Amtrak's ("Amtrak") motion for summary judgment on punitive damages and consumer protection act ("CPA") claim, Dkt. 17, Plaintiff Patricia Freeman's ("Freeman") motion for leave to file supplemental brief, Dkt. 62, and Amtrak's motion for protective order striking the notice of 30(b)(6) deposition, Dkt. 69. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motion for summary judgment and motion for leave to file supplemental brief and renotes the motion for protective order for the reasons stated herein.

ORDER - 1

## I. PROCEDURAL HISTORY

On July 18, 2018, Freeman filed a complaint against Amtrak asserting a claim for negligence and a claim for violation of Washington's CPA statute. Dkt. 1. Freeman seeks actual and punitive damages. *Id.*

On October 31, 2019, Amtrak filed the instant motion for summary judgment on Freeman's request for punitive damages and Freeman's CPA claim. Dkt. 17. On December 2, 2019, Freeman responded. Dkt. 22. On December 6, 2019, Amtrak replied and submitted substantial evidence in support of the reply. Dkts. 57, 58–58-11. On December 10, 2019, Freeman filed a motion for leave to file a supplemental brief. Dkt. 62. On December 12, 2019, Amtrak responded. Dkt. 65. On December 20, 2019, Freeman replied. Dkt. 67.

On April 30, 2020, Amtrak filed a motion for protective order striking the notice of 30(b)(6) deposition. Dkt. 69. On May 6, 2020, Freeman responded. Dkt. 71. On May 8, 2020, Amtrak replied. Dkt. 73.

## II. FACTUAL BACKGROUND

On December 10, 2017, Freeman purchased a ticket to ride Amtrak 501 for $45. On December 18, 2017, Freeman boarded the train in Seattle, Washington, and the train subsequently derailed on its way to Portland, Oregon. Freeman alleges that she suffered numerous injuries caused by the accident.

## III. DISCUSSION

**A. Punitive Damages**

Amtrak filed the instant motion in this and twenty other related cases. Dkt. 17 at 1–4 (caption of motion). Based on events in previous cases stemming from Amtrak 501's derailment, Amtrak focused its punitive damages argument on Washington law as opposed to Delaware, Pennsylvania, or the District of Columbia's laws. *Id.* at 19 ("there is simply no evidence that Amtrak's offices in Pennsylvania, Delaware, or the District of Columbia had any significant role in the planning or operation of [Amtrak 501's route]"). Freeman responded by arguing that the Court should consider the law of Oregon on the issue of punitive damages. Dkt. 25. Instead of withdrawing its universal motion and filing a motion addressing Oregon law, Amtrak replied and improperly included new evidence and arguments in that reply. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond."). Freeman identified the inappropriate submissions and filed a motion for leave to file a short supplemental brief in response. Dkt. 62. Amtrak opposed this motion curiously stating that "Plaintiff raised Oregon's punitive damages issue. . . . Amtrak's Reply responded to those arguments and *offered no new factual submissions or new arguments on punitive damages*." Dkt. 65 at 2 (emphasis added). The 61 pages of additional evidence attached to the Declaration of Andrew Yates undermines this argument. *See* Dkts. 58-1–58-11.

1  Complicating matters further, Amtrak has filed a motion for a protective order to
2  strike a deposition requested by Freeman because the "Court's rulings in Related Cases
3  dismissing punitive damages . . . [has] also rendered the requested liability discovery
4  irrelevant in this compensatory damages case." Dkt. 69 at 1. Thus, Amtrak is refusing to
5  participate in discovery based on rulings in other cases considering facts relevant to
6  jurisdictions other than Oregon.
7  In light of these issues, the Court concludes that the most appropriate course of
8  action is to strike Amtrak's improperly submitted evidence, deny Freeman's motion for
9  leave to file a supplemental brief, and deny Amtrak's motion for summary judgment
10 without prejudice for failure to establish that it is entitled to judgment as a matter of law
11 at this time. Fed. R. Civ. P 56(a) ("The court shall grant summary judgment if the
12 movant shows that . . . the movant is entitled to judgment as a matter of law."). The
13 dispositive motion deadline is July 15, 2020, which allows sufficient time to complete
14 discovery and then file a fully supported motion for summary judgment on the issue of
15 punitive damages.

16 **B.    CPA**

17 Upon review of the briefs, the Court denies Amtrak's motion as to Freeman's CPA
18 claim on the same grounds and for the same reasons set forth in *Garza v. Nat'l R.R.*
19 *Passenger Corp.*, 418 F. Supp. 3d 644, 651–56 (W.D. Wash. 2019).

20 **C.    Protective Order**

21 In light of the Court's denial of Amtrak's motion for summary judgment,
22 Amtrak's position that the requested discovery is irrelevant has either been completely

mooted or severely undermined.  At the very least, discovery related to liability seems entirely relevant given the survival of Freeman's CPA claim.  Thus, the Court orders the parties to meet and confer regarding the discovery issues set forth in the motion for a protective order.  After the meeting, the parties shall file a joint status report ("JSR") informing the Court of the remaining disputes that require Court intervention.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Amtrak's motion for summary judgment on punitive damages and CPA claim, Dkt. 17, and Freeman's motion for leave to file supplemental brief, Dkt. 62, are **DENIED**.

The parties shall meet and confer regarding the issues in Amtrak's motion for a protective order, and then file a JSR no later than May 22, 2020.  The Clerk shall renote Amtrak's motion, Dkt. 69, for consideration on the Court's May 22, 2020 calendar.

Dated this 13th day of May, 2020.

BENJAMIN H. SETTLE
United States District Judge